{¶ 37} I concur with the judgment and analysis of the majority, but write separately to address concerns regarding Reed's ineffective assistance of counsel claim and speedy trial claim outlined in the first assignment of error. The record in this case outlines a disturbing reality. Reed, an indigent defendant unable to make bond, spent fifty days in jail, not counting the date of his arrest, before being indicted and assigned an attorney at arraignment.
 {¶ 38} The significance of this delay is amplified by the fact that Reed was arrested on the date of the incident, the victim was identified and available that same day, and Reed was interviewed by the police and made a statement about the events in jail the next day. While much has been written and debated in recent years over the reasons for the delay in formal charging and assigning of counsel, a debate this court need not address here, Reed's case suggests a systemic problem exists that impacts the poor and unrepresented.
 {¶ 39} While the record does not outline whether Reed had or waived a preliminary hearing at the municipal level, his legal representation at that point was minimal because of the sheer volume of cases and defendants the public defender represents. Whether the public defender has a responsibility beyond presence at initial appearance for jailed inmates remains unanswered, yet the impact on the indigent accused, unable to make bond and awaiting formal charging, is substantial and raises questions about fundamental fairness in the justice system.